# UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **In re:** ) | |
| ) | Chapter 11 |
| **FIRST BRANDS GROUP, LLC,** ) | |
| ) | Case No. 25-90397 |
| Debtors. ) | |
| ) | |
| ) | Adv. Proc. No. 26-03038 |
| ) | |
| **FRANCISCO GARZA, MANUEL** ) | PLAINTIFFS' MOTION FOR LEAVE TO |
| **LEAL, CIARA CHILDS, TIM** ) | FILE SECOND AMENDED CLASS ACTION |
| **JOHNSON, and MANUEL** ) | ADVERSARY COMPLAINT |
| **FERNANDEZ, ,** *on behalf of themselves* ) | |
| *and those similarly situated,* ) | Honorable Christopher M. Lopez |
| ) | |
| Plaintiffs, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | |
| ) | |
| **FIRST BRANDS GROUP, LLC,** ) | |
| **BRAKE PARTS INC INDIA LLC,** ) | |
| **HOPKINS CORPORATION D/B/A** ) | |
| **HOPKINS MANUFACTURING** ) | |
| **CORPORATION, and CHAMPION** ) | |
| **LABORATORIES, INC.,** ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## SECOND AMENDED CLASS ACTION ADVERSARY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Federal Rule of Bankruptcy Procedure 7015, and Local Rule 7, and for good cause shown, Plaintiffs Francisco Garza, Manuel Leal, Ciara Childs, Tim Johnson, and Manual Fernandez ("Plaintiffs"), through their undersigned counsel of record, respectfully submits this Motion for Leave to File their Second Amended Class Action Adversary Complaint, in the form attached hereto as **Exhibit 1**. The good cause grounds

supporting this motion are contained herein.

### I. BACKGROUND

1. On February 10, 2026, Plaintiff Giancarlo Hernandez filed his Class Action Adversary Complaint, initiating this lawsuit against First Brands Group, LLC and Brake Parts Inc India LLC (ECF No. 1).

2. The summonses for each of the entities issued, and Brake Parts Inc India LLC was served on February 18, 2026 (ECF No. 9) and First Brands Group, LLC was served on February 17, 2026 (ECF No. 11).

3. Shortly after, Counsel was contacted by additional potential Plaintiffs with information regarding layoffs occurring under the direction of First Brands Group LLC at two new subsidiaries, Hopkins Corporation d/b/a Hopkins Manufacturing Corp. and Champion Laboratories, Inc.

4. At the same time, Plaintiff Giancarlo Hernandez filed a second lawsuit as a named-Plaintiff with another firm and asked to be removed as Class Plaintiff with respect to his allegations against First Brands Group, LLC and Brake Parts Inc India LLC.

5. Thus, on February 27, 2026, Plaintiffs' Counsel filed an amended adversary complaint removing Plaintiff Giancarlo Hernandez and replacing him with Francisco Garza. (ECF No. 14). The amended complaint also added additional Plaintiffs Manuel Leal, Ciara Childs, Tim Johnson, and Manuel Fernandez, as well as additional Defendants Hopkins Corporation d/b/a Hopkins Manufacturing Corporation and Champion Laboratories, Inc. with respect to the layoffs at those subsidiaries.

6. Since that time, Plaintiffs' Counsel has again been contacted by additional Plaintiffs, Stephen Herceg, Evan Morris, and Michael Stewart, and with claims against a new

subsidiary/operating entity of First Brands Group LLC titled "First Brands Group LLC d/b/a Trico Products Corp."  Plaintiffs' Counsel now seeks to amend to add the additional allegations related to the layoff that occurred at the Trico entity on behalf of Stephen Herceg, and adding Plaintiffs Evan Morris (Hopkins Corporation) and Michael Stewart (Champion Laboratories, Inc.).

7.      This motion is timely filed. The deadline for amending pleadings has not yet passed, and no scheduling order has been entered, as no Defendant has appeared as of the date of this filing.

## II.      ARGUMENT AND AUTHORITIES

8.      "A motion for leave to file an amended complaint should 'freely' be granted 'where justice so requires.' Fed. R. Civ. P. 15(a)(2).

9.      "A district court's discretion is guided by five factors when determining whether to grant leave: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGK Props., LLC v. U.S. Bank Nat'l Ass'n for Lehman Bros. Small Balance Com. Mortg. Pass-Through Certificates, Series 2007-3*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)).

10.     It is well established that there is a liberal policy in granting amendments. "There must be a substantial reason to deny leave to amend after considering the five factors." *Vuoncino v. Forterra, Inc*., 140 F.4th 200, 207 (5th Cir. 2025).

11.     The amendment will not cause undue delay because this proceeding is still in the very early stages. No scheduling order has been entered, and no Defendant has appeared or filed a motion to dismiss. Courts should grant leave when cases are in early stages before significant discovery or trial preparation, minimizing prejudice to opposing parties. *Texas v. Internal Revenue*

*Serv.,* No. W-23-CV-00406-ADA, 2024 WL 951202, at *1 (W.D. Tex. Mar. 5, 2024).

12.     The motive in the amendment is simply to incorporate additional parties who have conducted layoffs and adding those respective Plaintiffs, that have recently come to light and retained the undersigned after the first Amended Complaint was filed on February 27, 2026 (Dkt. No. 14). Plaintiffs were not aware of the additional layoffs at the time the original or first amended complaint were filed. *See Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 140 (5th Cir. 1993) (holding that where the plaintiffs knew of the facts underlying their mislabeling claim before the action commenced but failed to seek amendment until nearly nine months after Defendant had filed its motion for summary judgment.)

13.     No deficiencies have been alleged by the Defendant yet, so it cannot be said that Plaintiffs have failed to cure any.

14.     Given the stage of this proceeding, the Defendants will not be prejudiced by the amendment. No discovery has commenced, no scheduling order has been entered, and no Defendant has even appeared. The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial. *Bracamontes v. Geovera Specialty Ins. Co.*, No. CV 23-1593, 2024 WL 2271667, at *4 (E.D. La. May 20, 2024).

15.     Because of the nature of the amendment, adding both parties and additional WARN claims related to additional layoffs, the amendment cannot be considered futile. Additionally, the amended complaint states a claim for relief, and no Defendant has appeared to allege otherwise. The Fifth Circuit defines futility to mean that the amended complaint would fail to state a claim upon which relief could be granted." *United States v. Texas,* 350 F.R.D. 74, 79 (N.D. Tex. 2025) (quoting *King v. Flowers Foods, Inc.,* No. CV 21-579-BAJ-SDJ, 2023 WL 2731041, at *2 (M.D.

La. Mar. 30, 2023) (internal quotation marks and citation omitted)).

16.     For these reasons, Plaintiffs respectfully request leave to file their Second Amended Class Action Adversary Complaint, attached hereto as **Exhibit 1**.

WHEREFORE, pursuant to Federal Rule of Civil Procedure 15(a)(2), and for good cause shown, Plaintiffs, by and through undersigned counsel, respectfully request the Court grant this Motion for Leave to File Second Amended Class Action Adversary Complaint, and enter the pleading attached hereto as **Exhibit 1** as the operative complaint.

Dated: March 4, 2026.                          Respectfully submitted by,


*/s/ John J. Sparacino*
**MCKOOL SMITH, PC**
John J. Sparacino (SBN 18873700)
S. Margie Venus (SBN 20545900)
600 Travis Street, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile (713) 485-7344
jsparacino@mckoolsmith.com
mvenus@mckoolsmith.com

-and-

J. Gerard Stranch, IV *(Pro Hac Vice)*
Mariah S. England *(Pro Hac Vice)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
mengland@stranchlaw.com

Lynn A. Toops*
**COHENMALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone: (317) 636-6481
ltoops@cohenandmalad.com

Samuel J. Strauss*
Raina C. Borrelli*
**STRAUSS BORRELLI, PLLC**
980 N Michigan Ave., Suite 1610
Chicago, IL 60611
T: (872) 263-1100
F: (872) 263-1109
sam@straussborrelli.com
raina@straussborrelli.com

*Pro Hac Vice* applications to be submitted

*Counsel for Plaintiffs and the Proposed Class*

6

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 4, 2026, a true and correct copy of the foregoing document was served via the Court's Electronic Notification System on all parties entitled to such notice and via U.S. Mail to all Defendants via their Registered Agents for Service of Process.

*/s/ John J. Sparacino*
John J. Sparacino
